UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV 26-03926-MWF (ACCV)**          **Date:  July 15, 2026**

Title:     Flores v. Warden Adelanto ICE Processing Center, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]

Before the Court is Petitioner Victoria Lugo Flores's Ex Parte Application for Temporary Restraining Order (the "Application") filed on July 14, 2026.  (Docket No. 3).  The Application is **DENIED**.  Petitioner has not demonstrated why she is entitled to a temporary restraining order ("TRO") given General Order 26-05 and its expedited briefing schedule for resolution of her Petition.

Petitioner's Application seeks a TRO ordering her immediate release or otherwise enjoining Respondents from removing Petitioner from the United States or transferring Petitioner from the Adelanto ICE Processing Center.  (Application at 2).  Petitioner argues that she is likely to succeed on the merits of the claims alleged in her Petition, which would render her continued detention unlawful.  (*See generally* Application).

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  A party seeking a TRO, like a preliminary injunction, must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in her favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).  The purpose of a TRO is to "preserv[e] the status quo and prevent[]

---

**CIVIL MINUTES—GENERAL**                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-03926-MWF (ACCV)**              **Date:  July 15, 2026**

Title:        Flores v. Warden Adelanto ICE Processing Center, et al.

irreparable harm just so long as is necessary to hold a hearing, and no longer." *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

Additionally, this action and the Application are subject to General Order 26-05 and the expedited briefing schedule contained therein.  (*See* Docket No. 5).  As explained in General Order 26-05, "[t]he standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order.  Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *See* General Order 26-05 at 3.

Therefore, one of the stated purposes of General Order 26-05 is to expedite briefing on the underlying Petition such that temporary relief is no longer necessary because the Petition will be promptly heard.  Here, Petitioner alleges harms that would occur if Respondents removed or transferred Petitioner without notice.  But Petitioner does not provide any evidence indicating that Respondents are likely to do so before the Court could address the issue through ordinary proceedings, especially considering that General Order 26-05 requires Respondents to provide two court days' notice before attempting to remove Petitioner from the Central District. *Id.* at 4.  Petitioner also identifies the harm of her confinement, but if such alleged harm was sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot.

Accordingly, the Application is **DENIED**.

As the parties are aware, this case has been referred to Magistrate Judge Angela C. C. Viramontes.  (*See* Docket No. 4).  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Viramontes for decision.

IT IS SO ORDERED.